IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEYONKA L. LENOR<br>25300 Rockside Road-Apt. 517b<br>Bedford, Ohio 44146,<br><br>CHAMBRI D. ORR<br>3421 E. 110th Streety<br>Cleveland, Ohio 44104,<br><br>    Plaintiffs.<br><br>vs.<br><br>DONNIE L. CARVER<br>138 Kiser Road<br>Bessmer City, NC 28016,<br><br>RHODES EXPRESS, LLC<br>105 Harrison Lane<br>Gastonia, NC 28056,<br><br>IRELAND H. WHITMIRE<br>555 Ridge Road<br>Madisonville, TN 37354,<br><br>KELO WHITMIRE<br>555 Ridge Road<br>Madisonville, TN,<br><br>NATE'SHA WORD<br>13005 Thraves Avenue<br>Garfield Heights, OH 44125<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COMPLAINT**<br>(Jury Demand Endorsed Hereon) |

**PRELIMINARY STATEMENT**

1. This action seeks compensatory relief for the bodily injuries, pain and suffering, property damage, and emotional distress suffered by Plaintiffs as a result of the negligence of the Defendants and for the Defendants' intentional infliction of emotional distress upon Plaintiffs.

**JURISDICTION**

2. Jurisdiction over the claims is invoked pursuant to this Court's diversity jurisdiction and over the state law claims pursuant to this Court's pendent jurisdiction. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332, to wit: an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars).

**PARTIES**

3. Plaintiff, Beyonka L. Lenor, is, and was at all times relevant, a citizen and resident of the Northern District of Ohio.

4. Plaintiff, Chambri Orr, is, and was at all times relevant, a citizen and resident of the Northern District of Ohio.

5. Defendant, Donnie L. Carver, based on information and belief, is, and was at all times relevant, a citizen and resident of Bessemer City, North Carolina.

6. Defendant, Rhodes Express, LLC, based on information and belief, is, and was at all times relevant, a foreign limited liability company, headquartered in Gastonia, North Carolina.

7. Defendant, Ireland Whitmire, based on information and belief, is, and was at all times relevant, a citizen and resident of Madisonville, Tennessee.

8. Defendant, Kelo Whitmire, based on information and belief, is, and was at all times relevant, a citizen and resident of Madisonville, Tennessee.

9. Defendant Nate'Sha Word, is, and was at all times relevant, a citizen and resident of the Northern District of Ohio.

## COUNT I

10. On or about January 2, 2020, in Knoxville, Tennessee, a truck operated by Defendant Carver was negligently driven into a vehicle being occupied by the Plaintiffs.

11. At all times relevant herein, the truck driven by Defendant Carver was owned by Defendant Rhodes Express, LLC.

12. As a direct and proximate result of Defendant Carver's negligence, Plaintiffs incurred property damage.

13. As a direct and proximate result of Defendant carver's negligence, Plaintiffs incurred and will continue to incur hospital and medical expenses.

14. As a direct and proximate result of Defendant Carver's negligence, Plaintiffs sustained injuries of body and mind. Said injuries caused, and will continue to cause, pain, suffering, inconvenience, and emotional distress.

15. As a direct and proximate result of Defendant Carver's negligence, Plaintiffs suffered economic loss.

16. As a direct and proximate result of Defendant Carver's negligence, Plaintiffs suffered lost wages.

17. As a direct and proximate result of Defendant Carver's negligence, Plaintiffs are, or may be, permanently disabled. Such disability caused, and will continue to cause, a diminution of earning capacity.

18. Defendant Carver had a statutory duty to obey the traffic law, including a duty to observe the center lane signal (left of center); and keep a proper look out, *inter alia,* but failed to do so.

19. Defendant Carver's failure to observe and obey the aforementioned statutes is negligence per se.

20. As a direct and proximate result of all off the defendants' negligence, the Plaintiffs sustained serious bodily injuries and incurred medical expenses that exceed $75,000.00 but not limited thereto.

## COUNT II

21. The Plaintiffs hereby incorporate §§1-20 above as if fully rewritten herein.

22. At all times relevant herein, Defendant Carver was operating a vehicle owned by Defendant Rhodes Express, LLC.

23. Defendant Rhodes Express, LLC knew, or should have known, that it was careless, unlawful, negligent, and reckless, to entrust a vehicle to Defendant Carver.

24. Defendant Rhodes Express, LLC knew, or should have known, Defendant Carver's propensity toward the reckless operation of vehicles, and wanton disregard for traffic laws.

25. But for the negligent and wrongful entrustment of said vehicle to Defendant Carver, said collision would not have occurred.

26. As a direct and proximate result of the negligent and wrongful entrustment of said vehicle to Defendant Carver, Plaintiffs sustained personal and bodily injuries

27. As a direct and proximate result of Defendant Rhodes Express, LLC's negligence, the Plaintiffs suffered damages, and incurred losses in an amount to be proven at trial, but greater than $75,000.00

## COUNT III

28. The Plaintiffs hereby incorporate §§1-27 above is if fully rewritten herein.

29. At all times relevant herein, Defendant, Ireland H. Whitmire, negligently operated a vehicle, thereby causing the collision referred to in §9 above.

30. At all times relevant herein, the vehicle operated by Defendant Ireland Whitmire was owned by Defendant, Kelo Whitmire.

31. As a direct and proximate result of Defendant Ireland Whitmire's negligence, the Plaintiffs suffered damages and incurred losses in an amount to be proven at trial, but greater than $75,000.00.

## COUNT IV

32. The Plaintiffs hereby incorporate §§1-30 above as if fully rewritten herein.

33. At all times relevant herein, Defendant Ireland Whitmire was operating a vehicle owned by Defendant Kelo Whitmire.

34. Defendant Kelo Whitmire knew, or should have known, that it was careless, unlawful, negligent, and reckless, to entrust a vehicle to Defendant Ireland Whitmire.

35. Defendant Kelo Whitmire knew, or should have known, Defendant Ireland Whitmire's propensity toward the reckless operation of vehicles, wanton disregard for traffic laws, and inexperience.

36. But for the negligent and wrongful entrustment of said vehicle to Defendant Ireland Whitmire, said collision would not have occurred.

37. As a direct and proximate result of the negligent and wrongful entrustment of said vehicle to Defendant Ireland Whitmire, Plaintiffs sustained personal and bodily injuries

38. As a direct and proximate result of Defendant Kelo Whitmire's negligence, the Plaintiffs suffered damages, and incurred losses in an amount to be proven at trial, but greater than $75,000.00.

## COUNT V

39. The Plaintiffs hereby incorporate ¶¶ 1-38 above as if fully rewritten herein.

40. On or about January 2, 2020, in Knoxville, Tennessee, an automobile in which the Plaintiffs were passengers was negligently driven by Defendant Nate'Sha Word.

41. As a direct and proximate result of Defendant Word's negligence, Plaintiffs incurred property damage.

42. As a direct and proximate result of Defendant Word's negligence, Plaintiffs sustained injuries of body and mind. Said injuries caused, and will continue to cause, pain, suffering, inconvenience, and emotional distress.

43. As a direct and proximate result of Defendant Word's negligence, Plaintiffs incurred, and will continue to incur, hospital and medical expenses.

44. As a direct and proximate result of Defendant Word's negligence, Plaintiffs suffered economic loss.

45. As a direct and proximate result of Defendant Word's negligence, Plaintiff suffered lost wages.

46. As a direct and proximate result of Defendant Word's negligence, Plaintiffs are, or may be, permanently disabled. Such disability cause, and will continue to cause, a diminution of earning capacity.

47. As a direct and proximate result of Defendant Word's negligence, the Plaintiffs sustained serious bodily injuries and medical expenses that exceed $75,000.00, but not limited thereto.

### COUNT VI

48. The Plaintiff hereby incorporate §§1-47 above as if fully rewritten herein.

49. The acts and omissions herein before described have been shocking to the conscious of the Plaintiff and exceed all bounds of common decency in a civilized society.

50. The Defendants' acts were committed recklessly, maliciously, intentionally, and/or with the conscious disregard to the health, safety, and well-being of the Plaintiffs with the intent to inflict severe emotional and psychological distress upon the Plaintiff.

51. As a direct and proximate result of the defendants' acts, the Plaintiffs suffered extreme emotional distress, but not limited thereto.

    **WHEREFORE,** Plaintiffs pray that judgment be entered against each defendant, jointly and severally, on each count alleged herein, and demand judgment against Defendants for an amount in excess of $75,000.00 plus interests and costs.

52. The Plaintiffs be awarded compensatory damages on each count of the Complaint in an amount of greater than seventy-five thousand dollars.

53. Award Plaintiffs punitive damages where allowable at law.

54. Award Plaintiffs attorney's fees and treble damages on those counts permitted by statute.

55. Grant any other relief this court deems just and proper.

### JURY DEMAND

Plaintiffs' demand a trial by jury.

Respectfully Submitted,

_____
Jason Ralls, Esq. (#0082890)
1220 West 6th Street-Suite 308
Cleveland, Ohio 44113
(216)860-4305
Jason@ralls-law.com