IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEYONKA L. LENOR, *et al.*, | ) CASE NO.: 1:21-cv-00052 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| DONNIE L. CARVER, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

This matter is before the Court on Defendants, Ireland H. Whitmire and Kelo Whitmire's ("Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (ECF #3). Plaintiffs, Beyonka L. Lenor and Chambri D. Orr ("Plaintiffs") filed an Opposition to the Motion (ECF #6) and Defendants filed a Reply in Support. (ECF #7). For the reasons that follow, Defendants' Motion to Dismiss (ECF #3) is GRANTED.

I. **Background**

Plaintiffs filed their Complaint on January 8, 2021 seeking compensatory relief for bodily injuries, pain and suffering, property damage, and emotional distress resulting from a motor vehicle accident that occurred on January 2, 2020 in Knoxville, Tennessee. (Complaint, ECF #1). The Complaint alleges that Plaintiffs are citizens and residents of the Northern District of Ohio and Plaintiffs name five (5) defendants: Donnie L. Carver, a citizen and resident of North Carolina; Rhodes Express, LLC, a limited liability company headquartered in North Carolina; Ireland H. Whitmire, a citizen and resident of Tennessee; Kelo Whitmire, a citizen and resident of Tennessee; and Nate'Sha Word ("Defendant Word"), a citizen and resident of the Northern District of Ohio. (*Id.* at ¶¶ 3-9).

1

On January 27, 2021, Defendants filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that because Plaintiffs and Defendant Word are citizens of Ohio, no diversity jurisdiction exists under 28 U.S.C. § 1332. (ECF #3). On January 29, 2021, Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Word, pursuant to Fed. R. Civ. P. 41 (ECF #4), and on February 1, 2021, this Court entered an Order of Dismissal of Defendant Word. (ECF #5). Plaintiffs then filed their Opposition to Defendants' Motion to Dismiss on February 4, 2021 (ECF #6) and Defendants' filed a Reply in Support of their Motion on February 9, 2021. (ECF #7).

## II. Analysis

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants seek dismissal of Plaintiffs' claims, pursuant to Fed. R. Civ. P. 12(b)(1), arguing that diversity jurisdiction under 28 U.S.C. § 1332 did not exist at the institution of this action and Plaintiffs cannot correct the jurisdictional defect by subsequently dismissing a non-diverse defendant.

A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *McGuire v. Ameritech Servs.*, 253 F. Supp.2d 988, 993-94 (S.D. Ohio 2003) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie,* F.3d 592, 598 (6th Cir. 1994) (citations omitted). Courts have substantial authority to weigh the evidence in order to determine whether jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). Here, Defendants attack the factual basis for jurisdiction, arguing that diversity jurisdiction pursuant to 28 U.S.C. § 1332 did not exist at the time Plaintiffs filed their Complaint.

This Court agrees with Defendants. Jurisdiction arising under 28 U.S.C. § 1332(a), as is purported here, provides that, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; or (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a). "Where subject matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R. R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir. 2002).

Plaintiffs fail to satisfy this burden. "It has long been the case that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group,* L.P., 541 U.S. 567, 570, quoting *Mollan v. Torrance,* 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)). Courts have adhered to this time-of-filing rule, which "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of

facts that existed at the time of filling – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. *Id.*, at 571, citing *Capron v. Van Noorden*, 6 U.S. 126, 2 Cranch 126, 2 L. Ed. 229 (1804). The law is clear…that the "time-of-filing rule" "has a pedigree of almost two centuries," and it must be adhered to "regardless of the costs it imposes." *Grupo*, 541 U.S. at 572, 582.

Here, Plaintiffs' Complaint failed to properly invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs' subsequent voluntary dismissal of non-diverse Defendant Word does not cure the jurisdictional defect that existed at the filing of this action, and Plaintiffs do not otherwise demonstrate that the Court has subject matter jurisdiction. Consequently, Defendants' Motion to Dismiss for lack of subject matter jurisdiction must be granted and all claims against Defendants must be dismissed.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (ECF #3) is GRANTED and Plaintiffs' Complaint (ECF #1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: February 24, 2021